

MICHAEL J.G. SAUNDERS,      )
                                )
       Plaintiff,             )
                                )
v.                                 )      Civil Action No. 3:09CV815-HEH
                                )
R. SMITH, *et al.*,          )
                                )
       Defendants.       )

## MEMORANDUM OPINION
### (Granting, Inter Alia, Plaintiff's Motion for Leave to Submit a Second Amended Complaint and Denying Defendants' Motion to Dismiss)

Michael J.G. Saunders, a Virginia prisoner proceeding *pro se*, brings this § 1983 civil rights action. The matter is before the Court on the Defendants' Motion to Dismiss the First Amended Complaint (Dk. No. 35), Defendants' Motion for a Protective Order (Dk. No. 44), Saunders's Motion for Leave to File a Second Amended Complaint (Dk. 39), Saunders' Motion for Leave to Withdraw Certain Claims (Dk. No. 46), and Saunders's Motion to Appoint Counsel (Dk. No. 40).[1] Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

---

[1] In his Second Amended Complaint, Saunders names the following employees of the Riverside Regional Jail ("the Jail") as defendants: Dr. Smith, a dentist; Grievance Coordinator Harrison; Appointment Manager Quick; Lieutenant Sanders; Captain Mack; Sergeant Sumpter; Nursing Director Mastovito; Medical Director Cyriax; and Officer Long. With the exception of Defendant Quick, all of these individuals were named as defendants in the First Amended Complaint. The term "Defendants" refers to all Defendants except for Quick because she has not been served with process. The Court employs the spelling of Defendants' names as it appears in their Brief in Support of their Motion to Dismiss.

## I. Saunders's Request to Alter or Amend His Pleadings

After Defendants filed their Motion to Dismiss the Amended Complaint, Saunders filed a Motion for Leave to File a Second Amended Complaint and a proposed Second Amended Complaint. Because Saunders already has amended his complaint once, he requires leave of the Court or consent of Defendants to file another Amended Complaint. *See* Fed. R. Civ. P. 15(a)(2). Defendants have opposed Saunders's Motion for Leave to File a Second Amended Complaint on the grounds that permitting such an amendment would be futile. In support of their objection, Defendants reference the arguments raised in support of their prior motion to dismiss and additional arguments raised in their Memorandum in Support of their Objection to Plaintiff's Motion to Amend.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987). Under Rule 15(a), "'leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

Defendants have failed to demonstrate that permitting the amendment would be futile. Indeed, with the exception of Saunders's complaint of verbal harassment,

Defendants largely have failed to address Saunders's Eighth Amendment[2] claims, which comprise the core of his Second Amended Complaint.[3] Therefore, Saunders's Motion for Leave to File a Second Amended Complaint will be granted. The Second Amended Complaint will be filed and will supplant the Original and First Amended Complaint. The action will proceed solely on the allegations set forth in the Second Amended Complaint. (*See* Mem. Order entered May 3, 2010.) Furthermore, Saunders's Motion to Withdraw Certain Claims will be granted.[4] Saunders's claims alleging a denial of access to the courts will be dismissed without prejudice from the Second Amended Complaint.

Defendants' Motion to Dismiss will be denied as moot. Nevertheless, in order to forego another round of motions to dismiss, utilizing the authority provided in 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court will cull from the Second Amended Complaint those claims Defendants correctly identified as failing to state a basis for relief. Additionally, the Court will dismiss those claims that clearly fail to state a basis for relief.

---

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[3] For example, in response to Saunders's assertion that he was kept in a cell without light, Defendants moved to dismiss on the grounds that Saunders does not have a constitutional right to his choice of cell.

[4] In that motion, Saunders requests that the Court dismiss without prejudice his claims challenging his alleged denial of access to the Courts. Saunders represents that he is currently litigating those claims in a separate action, *Saunders v. Riverside Reg'l Jail*, No. 3:10CV258 (E.D. Va. received Apr. 21, 2010).

## II. Standard of Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the

5

face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Summary of Claims

In his Second Amended Complaint, Saunders raises the following claims:

Claim 1      (a)     Defendant Sanders and Mack violated Saunders's rights under the Eighth Amendment when they denied him a toothbrush and adequate dental care.
                      (b)     Defendants Quick, Mastovito, and Cyriax violated Saunders's rights under the Eighth Amendment when they denied Saunders's grievance wherein he complained about not receiving adequate dental care.
                      (c)     Defendant Smith violated Saunders's rights under the Eighth Amendment when he failed to treat Saunders's painful oral infection because Saunders was indigent.

Claim 2      (a)     Defendants Long and Sumpter violated Saunders's rights under the Eighth Amendment when they housed Saunders in a suicide cell.
                      (b)     Defendants Long and Sumpter violated Saunders's right under the Eighth Amendment by subjecting him to verbal harassment.
                      (c)     Defendants Mack and Sanders are liable for the actions of Long and Sumpter because they "knowingly allowed" (2d Am. Compl. ¶ 14)[5] or "knowingly supervised" (*id.* ¶ 15) Sumpter and Long's detention of Saunders in a suicide cell.

Claim 3      Defendant Harrison is liable for "all of the constitutional violations aforesaid," because "Harrison refused [Saunders] any access to the [the Jail's] institutional grievance procedure." (2d Am. Compl. ¶ 19.)

Saunders demands monetary damages, declaratory relief, and injunctive relief.

_____

[5] The Court has corrected the capitalization in the quotations to Saunders's Second Amended Complaint.

## IV. Analysis

### A.    Injunctive and Declaratory Relief

Saunders has been transferred from the Jail to the Augusta Correctional Center. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *Williams v. Griffin,* 952 F.2d 820, 823 (4th Cir. 1991); *Taylor v. Rogers,* 781 F.2d 1047, 1048 n.1 (4th Cir. 1986)).  Accordingly, Saunders's claims for injunctive and declaratory relief will be dismissed as moot.

### B.    Official Capacity Claims

Official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (citation and quotations omitted).[6]  Therefore, "in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Id.* at 166 (citations omitted).  To establish an Eighth Amendment claim against the Riverside Regional Jail Authority ("the Jail Authority"), Saunders must allege facts that plausibly suggest:  (1) the Jail Authority "had a policy or custom of deliberate indifference to the deprivation of constitutional rights; and (2) this policy or custom caused the complained of injury." *Brown v. Mitchell*, 308 F. Supp. 2d 682, 692 (E.D. Va.

---

[6] As previously noted, Defendants are employees of the Riverside Regional Jail.

2004) (citing *Westmoreland v. Brown*, 883 F. Supp. 67, 76 (E.D. Va. 1995)). Saunders

has not done so. Saunders does not identify any policy or custom in his Second Amended

Complaint. Accordingly, Saunders's official capacity claims will be dismissed.

### C.     Alleged Denial of Access to Grievance Procedure

"There is no constitutional right to participate in grievance proceedings." *Adams*

*v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.

1991)). Accordingly, Saunders's claim that his constitutional rights were violated by

Defendant Harrison's refusal to allow him to participate in the grievance procedure is

legally frivolous. Accordingly, Claim 3 will be dismissed with prejudice.

### D.     Eighth Amendment Claims

In order to state an Eighth Amendment claim, a plaintiff must allege facts that

suggest: "'(1) a serious deprivation of a basic human need; and (2) deliberate

indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters,* 989

F.2d 1375, 1379 (4th Cir. 1993) (quoting *Williams v. Griffin,* 952 F.2d 820, 824 (4th Cir.

1991)). "[T]he first showing requires the court to determine whether the deprivation of

the basic human need was *objectively* 'sufficiently serious,' and the second requires it to

determine whether *subjectively* 'the officials act[ed] with a sufficiently culpable state of

mind.'" *Id.* (second alteration in original) (quoting *Wilson v. Seiter,* 501 U.S. 294, 298

(1991)).

Under the objective prong the inmate must allege facts to suggest that the

deprivation complained of was extreme and amounted to more than the "'routine

discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler*, 989 F.2d at 1380 n.3 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

With respect to the subjective prong, the Supreme Court has emphasized that conscious disregard for intolerable risks is the touchstone of the deliberate indifference standard:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The deliberate indifference standard requires a plaintiff to allege facts that plausibly suggest that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997)).

Saunders's claim that he was subjected to cruel and unusual punishment by the verbal harassment from Long and Sumpter is legally frivolous. *Spivey v. Smith*,

No. 1:10cv466 (LMB/JFA), 2011 WL 652464, at *4 (E.D. Va. Feb. 11, 2011) ("'[T]he use of vile and abusive language, no matter how abhorrent or reprehensible, cannot form the basis of a § 1983 claim.'" (alteration in original) (quoting *Keyes v. City of Albany,* 594 F. Supp. 1147, 1155 (N.D.N.Y. 1984))). Accordingly, Claim 2(b) will be dismissed as an independent basis for relief.

### 1. Denial of Adequate Medical Care

Saunders's complaint about the denial of adequate dental care against Mack and Sanders is short on facts. Saunders alleges, "[F]rom on or about September 10, 2009, through January 1, 2010, [Defendants Mack and Sanders] demonstrated deliberate indifference to Plaintiff's very painful, foul smelling, serious oral infection, also denying Plaintiff access to a toothbrush through some said dates effectually aggravating his painful oral infection." (2d Am. Compl. ¶ 15; *see id.* ¶ 16.) Saunders's allegation of deliberate indifference is a conclusion that is not entitled to any consideration in determining whether he has pled a claim for relief. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009); *see Smith v. FCM-MTC Med., LLC,* No. 3:10CV352, 2011 WL 1085975, at *11 (E.D. Va. Mar. 21, 2011) (concluding "bare assertions that the Defendants acted with deliberate indifference do not suffice to state a cause of action" (citing *Iqbal,* 129 S. Ct. 1949)). Saunders fails to allege facts that indicate Mack and Sanders knew of his dental problems and that the failure to secure treatment for them posed a substantial risk of

serious harm to Saunders's health. *See id.* at *12 (dismissing similar claim without prejudice). Accordingly, Claim 1(a) will be dismissed without prejudice.[7]

In Claim 1(c), Saunders alleges,

> [Dr. Smith] demonstrated deliberate indifference to Plaintiff's very painful, foul smelling, yellowish discharge emitting, serious oral infection since, despite he examined Plaintiff (event[u]ally) and was thereby duly advised of the intense suffering; notwithstanding, since Plaintiff was an indigent and unable to financially compensate therefore, Smith refused to treat him. Thus, Smith knew of and disregarded Plaintiff's serious medical need, leaving Plaintiff to suffer in pain.

(2d Am. Compl. ¶ 18.) Defendants argue that Saunders "simply did not like the doctor's recommendations. This, however, does not state a constitutional claim and Dr. Smith is entitled to qualified immunity." (Defs.' Mem. Supp. Obj. to Pl.'s Mot. Am. 6.) The Court disagrees. Here, Saunders alleges facts that indicate Dr. Smith knew he was suffering from a painful oral infection. Nevertheless, according to Saunders, Dr. Smith refused to treat Saunders because Saunders could not underwrite the cost of any treatment. Such allegations are sufficient to support an Eighth Amendment claim against Dr. Smith. *See Bowens v. Cannon*, 175 F. App'x 635, 636 (4th Cir. 2006) (citing *Gil v. Reed*, 381 F.3d 649, 661–62 (7th Cir. 2004)); *Nelson v. Hill*, 3:08CV603, 2010 WL 1005320, at *3 (E.D. Va. Mar. 17, 2010).[8]

---

[7] In Claim 1(b), Saunders specifically alleges that Quick, Mastovito, and Cyriax knew of his dental condition from his grievance. These defendants have not addressed the substance of Saunders's Eighth Amendment claim set forth in Claim 1(b).

[8] Defendants' assertion of qualified immunity is largely lacking in any citation to relevant law. Contrary to Defendants' perception, "[a] defendant invoking qualified immunity must do

## 2. Detention in a Suicide Cell Without Light

Defendants have not addressed the substance of Saunders's claim that they violated his rights by detaining him "in a suicide cell, devoid of any amenities, to include light or access thereto, from on or about September 29, 2009, through October 23, 2009." (2d Am. Compl. ¶ 16.) Instead, Defendants correctly note that under 28 U.S.C. § 1997e(e),[9] Saunders's claim for compensatory damages for any mental or emotional injuries related to this detention must be dismissed because Saunders fails to allege he sustained a physical injury from this detention. *See Carter v. Angelone*, 14 F. App'x 184 (4th Cir. 2001). Accordingly, Saunders's claims for compensatory damages with respect to Claims 2(a) and 2(c) will be dismissed without prejudice.

---

more than mention its existence and demand dismissal of the suit." *Fisher v. Neale*, No. 3:10CV486-HEH, 2010 WL 3603495, at *3 (E.D. Va. Sept. 8, 2010).

> The defendant must (1) identify the specific right allegedly violated "at the proper level of particularity," *Campbell v. Galloway,* 483 F.3d 258, 271 (4th Cir. 2007); (2) brief, with full supporting authority, why the right was not so clearly established as to put a reasonable official on notice of any legal obligations; and (3) describe with particularity the factual basis supporting the assertion that a reasonable official in the defendant's situation would have believed his conduct was lawful.

*Id.* (citing *Collinson v. Gott*, 895 F.2d 994, 998 (4th Cir. 1990)).

[9] That statute provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Defendants have not addressed the impact of 42 U.S.C. § 1997e(e) on Saunders's claim for punitive or nominal damages. *See Jones v. Price*, 696 F. Supp. 2d 618, 624–25 (N.D. W. Va. 2010) (concluding § 1997e(e) does not preclude nominal and punitive damages).

## V. Outstanding Motions

Defendants have moved for a protective order. Defendants "request that the Court Order production of the relevant documents after it has ruled on Defendants' Motion to Dismiss." (Br. Supp. Mot. Protective Order 2.) A motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c). Defendants' Motion for a Protective Order does not contain such a certification. Accordingly, the Motion for a Protective Order will be denied.

Saunders has submitted a motion for the appointment of counsel. The issues presented are not unduly complex and Plaintiff's submissions reflect that he is competent to represent himself in the present action. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Accordingly, Saunders's motion for the appointment of counsel will be denied.

An appropriate Order will accompany this Memorandum Opinion.

                                  /s/
                              HENRY E. HUDSON
                              UNITED STATES DISTRICT JUDGE

Date: July 12, 2011
Richmond, Virginia